UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>LEO PELLOM,<br>    Defendant. | Case No. 99-cv-00402-MAG (JSC)<br><br>**ORDER REQUESTING SUPPLEMENTAL PLEADINGS REGARDING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. No. 8 |
|---|---|

In 1999, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Leo Pellom. Mr. Pellom did not respond and default judgment was entered against him on May 11, 1999 in the amount of $7,092.46. Nearly 16 years later, the United States filed the now pending Ex Parte Motion for Writ of Continuing Garnishment seeking an order authorizing garnishment of Mr. Pellom's earnings from the Pacific Maritime Association. (Dkt. No. 8.) Because the Court has concerns regarding certain aspects of the application, the United States is ordered to file a supplemental memorandum and declaration in support of its application as set forth below.

**DISCUSSION**

To obtain a writ of garnishment, the United States must (1) file an application for a writ of garnishment in accordance with 28 U.S.C. § 3205(b), and (2) prepare and file with the Clerk of the Court a notice in the form proscribed in 28 U.S.C. § 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b). These procedures include the right to request a hearing before the Court within 20 days of receipt of the notice. *Id.* The Clerk shall issue the notice upon filing and the United States shall serve the notice

and copy of the application for a writ of garnishment on the judgment debtor and the garnishee. 28 U.S.C. § 3202(c).

Upon receipt of an application for a writ of garnishment, the court shall issue the writ of garnishment if it is satisfied that the United States has complied with the requirements of Section 3205(b). In particular, the application must indicate: (1) the judgment debtor's name, social security number, and last known address, (2) the nature and amount of the debt owed, and (3) that the garnishee is believed to have possession of property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3305(b)(1). If the court grants the writ of garnishment, the United States must serve the writ on the garnishee and the judgment debtor along with (1) instructions "explaining the requirement that the garnishee submit a written answer to the writ," and (2) "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3). The garnishee is then required to answer in writing. 28 U.S.C. § 3205(c)(3). Section 3205(c)(5) allows a defendant (judgment debtor) to file a request for a hearing within twenty days after receipt of the answer by the garnishee. 28 U.S.C. § 3205(c)(5).

The Court is not yet comfortable with issuing the notice and writ in this case for two reasons. First, the application indicates that Mr. Pellom was served with the writ application at his last known address of 3400 Richmond Pkwy, San Pablo, California 94806; however, neither the application nor declaration filed in support of the application reflects how this address was identified. Further, an internet search reflects that this address is for a multiunit apartment building, but no apartment number is included with the address. Given the passage of time and the United States' obligation to provide notice of the writ under Section 3202(b) and 3205(c), the Court must assure itself that every reasonable effort was made to obtain a correct address for Mr. Pellom at which he would actually receive mailed notice. Accordingly, the United States shall specify what steps it took to determine Mr. Pellom's current address and when it did so. It should also explain why no apartment number is listed as part of the address.

Second, the original default judgment was for $7,092.46 plus interest at a rate of 4.732 percent to be compounded annually. (Dkt. No. 6.) The United States indicates that the total

balance is now $13,768.27. The United States shall supplement its application with an accounting of how this amount was determined.

Finally, it is unclear which of the United States' filings have been served on Mr. Pellom. Because the writ has yet to issue, the United States' obligation to serve arises under Section 3202(c) rather than Section 3205(c)(3). Section 3205(c) appears to apply only once the court grants the writ. Under Section 3202(c), the United States must serve a copy of the notice and the application for a writ on both the judgment debtor and the garnishee. Arguably, the United States' obligation to so serve only arises after the Clerk issues the notice which has not yet happened here given the Court's concerns. (Dkt. No. 8-3.) Nonetheless, the United States has filed a proof of service that indicates that it served Mr. Pellom with:

> DECLARATION OF MICHAEL COSENTINO IN SUPPORT OF APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> (Proposed) ORDER GRANTING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT and the
>
> (proposed) WRIT OF CONTINUING GARNISHMENT

(Dkt. No. 9 at 3.) It is unclear from this proof of service whether the United States served Mr. Pellom with the attachments to the Application. This ambiguity is critical because the attachments include the notice required by Section 3202. The Court also notes that the attachments are docketed as "errata" even though they are not marked as "errata" on the documents themselves and they are not corrections to any previously filed documents. The United States shall explain the errata designation in its supplemental filing.

In light of these concerns and questions, within 14 days from the date of this Order the United States is ordered to file a supplemental memorandum with supporting declaration which answers: (1) what steps were taken to ascertain Mr. Pellom's last known address, (2) how the amount due and owing was computed, (3) exactly what documents the United States served on Mr. Pellom, and (4) why the attachments to the Application are docketed as "errata."

3

1    **IT IS SO ORDERED**.

2    Dated: February 13, 2015

3    _____
     JACQUELINE SCOTT CORLEY
4    United States Magistrate Judge